# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFFORD JOSEPH KAROLSKI, ) | Civil Action No. 2:16-cv-0001 |
| ) | |
| Plaintiff, ) | |
| ) | United States Magistrate Judge |
| v. ) | Cynthia Reed Eddy |
| ) | |
| BEAVER COUNTY, et al., ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending is the County Defendants' Partial Motion to Dismiss (ECF No. 25), with brief in support (ECF No. 26), joined by Defendant Trinity Services Groups, Inc. (ECF No. 27). For the reasons that follow, the Motion will be granted.[1]

## Factual Background

Plaintiff, Clifford Joseph Karolski, is a state inmate presently confined at SCI Camp Hill. Karolski initiated this action on January 4, 2016, with the filing of a motion to proceed *in forma pauperis* and an accompanying complaint. (ECF No. 1). The motion to proceed *in forma pauperis* was granted (ECF No. 2), and the complaint was filed. (ECF No. 2). The County Defendants filed a motion to dismiss (ECF No. 13) on March 14, 2016, while Defendant Trinity Services filed an Answer on the same day. (ECF No. 16.) Karolski was given an opportunity to either file an Amended Complaint or to respond to the motion to dismiss by April 18, 2016. (ECF No. 17.) In response to the motion to dismiss, Karolski filed a timely Amended Complaint. (ECF No. 21.) Thereafter, the County Defendants filed the instant motion to dismiss

---

[1] The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 5, 30, and 31.

1

the Amended Complaint, to which Defendant Trinity Services joined. Karolski was ordered to file a response by May 20, 2016.

On July 29, 2016, the Court was informed that Karolski had been transferred from the Beaver County Jail into state custody and was no longer incarcerated at the Beaver County Jail. Because he had provided no forwarding address the Court administratively closed the case until such time as Karolski contacted the court with his change of address. On August 4, 2016, Karolski filed a Notice of Change of Address (ECF No. 33) indicating that he had been transferred to SCI Camp Hill. The Court reopened the case and extended the time until September 12, 2016, for Karolski to file his response to the motion to dismiss. (ECF No. 34.) Karolski was advised that should he fail to comply with the Order, the Motion to Dismiss would be decided without the benefit of his response. (*Id.*)

To date, Plaintiff has not filed a response nor has he sought an extension of time. The time for responding has now passed. Accordingly, the Court will analyze the Amended Complaint, which is the operative complaint, on the merits, notwithstanding that Plaintiff did not file a response to the pending motions. *Ray v. Reed*, 240 F. App'x 455, 456 (3d Cir. 2007).

**The Statement of the Case**

The Amended Complaint arises out of Karolski's confinement at the Beaver County Jail. The Amended Complaint takes issue with virtually every aspect of his incarceration. He complains about "inconsistency" of inmate classification. He alleges that the commissary violated his civil rights because the prices were too high. He alleges that the meals were too small and therefore he was required to buy over-priced food from the commissary. He also complains that the commissary sells items that do not contain FDA food information and sells products that are labeled by their manufacturer as "not for individual sale." He alleges that the

County Defendants violated his civil rights by not responding to his grievances and requests and by refusing to disclose to him the jail's standard operating procedures. Defendants are seeking dismissal of these claims arguing that these claims are not cognizable constitutional claims.

Karolski also alleges the following, to which the County Defendants are not seeking to have dismissed at this time that (i) his First Amendment rights were violated by refusing to allow him to receive Holy Communion and confession; (ii) that correctional officials used excessive force in stripping him in his cell, aimed a Taser at his anus, and that while he was in the RHU, was "forced to sleep on a steel bed with only boxers on, no mattress, or heat as punishment for 'misbehaving;'" (iii) that he was exposed to cold temperatures, vermin, and overcrowding; and (iv) that he was denied access to the courts through inadequate access to the law library.

**Standard Of Review**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This " 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515

F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.,* 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**Discussion**

A. <u>Inconsistency In Housing Assignment Classification and Inmate Placement</u>

Initially, it appears as though Plaintiff is not only complaining about his own cell assignment, but also complaining about other inmates' cell assignments. For example, he states that on A Pod and in the SNU, inmates can have newspapers, televisions, books, and commissary, while in the RHU they cannot. However, Plaintiff has no standing to assert a civil rights claim of other inmates' civil rights. He can only complain about his own cell assignment.

To the extent that he is complaining about his own cell assignment in RHU, this is not a cognizable constitutional claim. "It is well-settled that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification." *Henderson v. Thomas,* 2012 WL 4434750 (M.D.Pa. 012) (internal citations omitted). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."

*Montayne v. Haymes*, 427 U.S. 236, 242 (1976); *Griffin v. Vaughn,* 112 F.3d 703 (3d Cir.1997) (citing *Sandin v. Connor*, 515 U.S. 472 (1995)).

The Court finds that any attempt by Karolski to challenge his placement in the RHU as a due process claim fails. Accordingly, this claim will be dismissed with prejudice.

B.  Commissary Prices and Items Do Not Contain FDA Nutritional Information

In his Amended Complaint, Karolski alleges that commissary items are overpriced.[2] Courts within the Western District of Pennsylvania have consistently held that "inmates have no federal constitutional right to purchase items from a commissary" and have "no federal constitutional right to purchase items from the Jail commissary at any particular price or to have the vendor restraint from charging even exorbitant prices." *Rodriguez v. Wetzel*, No. 2:14-cv-0324, 2015 WL 1033842 at *10  (W.D.Pa. Mar. 9, 2015) (adopting Report and Recommendation) (internal citations omitted).

The Amended Complaint also states that the commissary sells items that do not contain FDA food nutritional information and certain products are labeled by their manufacture as "not for individual sale." There is neither a  constitutional right to items having commissary items marked with nutritional value nor to having items aggregated as opposed to being sold individually. Therefore, this claim likewise fails.

Accordingly, these claims will be dismissed with prejudice.

---

[2]  The Amended Complaint contains a single statement that Defendants provide "inadequate nutrition/calories/serving sizes at meals leaving individuals hungry, which prompts them to purchase more food from commissary that has been exorbitantly over priced." Amended Complaint, ¶ 11. Because this single conclusory statement is the only reference in the Amended Complaint to inadequate portions of meals served at the Jail, the Court does not consider this to be a separate claim.

C.	Inmates Have No Constitutional Right to Have Their Grievances Answered

Karolski alleges in his Amended Complaint that Defendants did not respond to his grievances and requests. It is well settled that an inmate does not have a constitutionally protected right to a prison grievance procedure. Even where a correctional facility has a grievance procedure, a violation of those procedures does not rise to the level of a civil rights violation. Accordingly, Plaintiff's allegations regarding any of the defendants' conduct in connection with the grievance system do not state a claim for relief. These claims will be dismissed with prejudice

D.	Inmates Have No Constitutional Right to the Standard Operating Procedures or Procedures

According to the Amended Complaint, the Jail refused Karolski's request for a copy of its "non-security standard operating procedures (SOP) and or protocols." Amended Complaint at ¶ 10. An inmate has no constitutional right to receive or review a correctional facility's operating procedures or jail protocols. Accordingly, this claim will be dismissed with prejudice.

E.	Failure to Follow Prison Policies and Protocols

The Amended Complaint states that the correctional officials would not follow the policies and protocols of the jail. For example, according to the Amended Complaint, the correctional officials would read newspapers and books and would sleep on the job.

Prison policies and protocols do not, in and of themselves, create a right, and do have the force of law. *See Atwell v. Lavan*, 557 F.Supp.2d 532, 556 n. 24 (M.D.Pa. Dec. 21, 2007) (a prison policy manual does not have the force of law and does not rise to the level of a regulation).. As such, a violation of internal policy does not automatically rise to the level of a Constitutional violation. Accordingly, this claim will be dismissed with prejudice.

F.     Amendment of the Amended Complaint

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

Given that the Court has already provided Plaintiff with an opportunity to amend, (*see* ECF No. 17), the Court is not required to provide him with further leave to amend as further amendment would be futile. *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012). Accordingly, the Court will not grant Plaintiff leave to amend as it would be futile.

**Conclusion**

For the reasons stated above, the Partial Motion to Dismiss filed by the County Defendants, and joined by Defendant Trinity Services, will be granted. An appropriate Order follows.


**AND NOW**, this 10th day of November, 2016:

It is hereby **ORDERED** that the County Defendants' Partial Motion to Dismiss, joined by Trinity Services, is **GRANTED.**

It is therefore **ORDERED** that all claims against Defendant Trinity Services, Jennifer Monza, and Valerie Bearer are dismissed with prejudice.

It is further **ORDERED** that the following theories of liability are dismissed with prejudice:

1.    Any claim alleging "inconsistency" in where Plaintiff was housed in the jail;

2. Any claim arising out of the commissary, its prices, or how products were made available for sale, or FDA labeling information;

3. Any claim that the County Defendants are liable because they did not respond to Plaintiff's requests for jail policies, any claim under the Freedom of Information Act, or the Pennsylvania Right to Know Law; and

4. Any claim that the grievance process at the Beaver County Jail was inadequate, or that any of the Defendants are liable because Plaintiff's grievances did not receive an appropriate response.

In addition, any claim suggesting that the County Defenders are liable for violating their own policies, procedures, and protocols is **DISMISSED**, with prejudice, except where a violation also violated the U.S. Constitution under one of the four theories set forth below.

Plaintiff **SHALL** be permitted to pursue the following four claims:

1. Allegations that his First Amendment rights were violated by refusing to allow him to receive Holy Communion and confession;

2. Allegations that correctional officials used excessive force in strip searching him and aiming a Taser at his anus and that while he was in the RHU, was "forced to sleep on a steel bed with only boxers on, no mattress, or heat as punishment for 'misbehaving;'"

3. Allegations that he was exposed to cold temperatures, vermin, and overcrowding; and

4. Allegations that he was denied access to the courts through inadequate access to the law library.

The County Defendants shall file an Answer to the surviving claims by November 28, 2016.

                                                   <u>/s Cynthia Reed Eddy</u>
                                                   Cynthia Reed Eddy
                                                   United States Magistrate Judge

cc:     CLIFFORD JOSEPH KAROLSKI
         MQ 0691
         SCI Camp Hill
         P.O. Box 200
         Camp Hill, PA 17001
         (via U.S. First Class Mail)

         Marie Milie Jones
         JonesPassodelis, PLLC
         (via ECF electronic notification)

         Michael R. Lettrich
         JonesPassodelis PLLC
         (via ECF electronic notification)

         Gregory D. Cote
         McCarter & English, LLP
         (via ECF electronic notification)

         Patricia L. Dodge
         Meyer, Unkovic & Scott LLP
         (via ECF electronic notification)